NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE TERWILLIGAR,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>R. BARNES, Warden,<br><br>　　　　Respondent. | No. C 10-01140 JF (PR)<br><br>ORDER TO SHOW CAUSE;<br>GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*<br><br><br><br><br>(Docket No. 2) |

Petitioner, a California inmate proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Petitioner has filed a motion for leave to proceed in forma pauperis, (Docket No. 2). The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

On September 25, 2006, Petitioner was found guilty by a jury in Sonoma County Superior Court of several charges, including Penal Code § 245(a)(1) (two counts of assault with a deadly weapon), § 243(d) (battery), and § 242 (misdemeanor battery). The jury also found true that Petitioner had two prior strikes under § 1170.12, and five prior

Order to Show Cause; Granting IFP; Denying Appt. Of Counsel
P:\PRO-SE\SJ.JF\HC.10\Terwilligar01140_osc&ifp.wpd

1

1  prison terms under § 667.5. (Pet.2.) Petitioner was sentenced to fifty-three years to life
2  in state prison. (Id.) Petitioner filed direct appeals in the state courts, with the state high
3  court denying review on June 10, 2009. (Id. at 3.)

4  Petitioner filed the instant federal petition on March 4, 2010.[1]

## DISCUSSION

### A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Petitioner's Claims

As grounds for federal habeas relief, Petitioner raises the following claims: 1) jury instructions concerning voluntary intoxication were erroneous and misleading, violating Petitioner's right to due process; and 2) ineffective assistance of counsel for failing to object to erroneous jury instructions. Liberally construed, Petitioner's claims are cognizable under § 2254. The Court orders Respondent to show cause why the petition should not be granted.

## CONCLUSION

1. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the

---

[1] The matter was transferred to this Court on March 17, 2010, from the Eastern District.

1  Attorney General of the State of California.  The Clerk shall also serve a copy of this
2  order on the Petitioner.
3        2.      Respondent shall file with the Court and serve on Petitioner, **within sixty**
4  **(60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of
5  the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus
6  should not be granted.  Respondent shall file with the answer and serve on Petitioner a
7  copy of all portions of the state parole record that have been transcribed previously and
8  that are relevant to a determination of the issues presented by the petition.
9        If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
10 with the Court and serving it on Respondent **within thirty (30) days** of that the answer is
11 filed.
12       3.      Alternatively, Respondent may, within **sixty (60) days** of the date this order
13 is filed, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in
14 the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If
15 Respondent files such a motion, Petitioner shall file with the Court and serve on
16 Respondent an opposition or statement of non-opposition **within thirty (30) days** of the
17 date the motion is filed, and Respondent shall file with the court and serve on Petitioner a
18 reply **within fifteen (15) days** of the date any opposition is filed.
19       4.      It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded
20 that all communications with the Court must be served on respondent by mailing a true
21 copy of the document to Respondent's counsel.  Petitioner must keep the Court and all
22 parties informed of any change of address by filing a separate paper captioned "Notice of
23 Change of Address."  He must comply with the Court's orders in a timely fashion.
24 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
25 to Federal Rule of Civil Procedure 41(b).
26       5.      Petitioner's motion to proceed in forma pauperis (Docket No. 2) is
27 GRANTED.
28 ///

Order to Show Cause; Granting IFP; Denying Appt. Of Counsel
P:\PRO-SE\SJ.JF\HC.10\Terwilligar01140_osc&ifp.wpd

3

IT IS SO ORDERED.

DATED: 5/20/10

JEREMY FOGEL
United States District Judge

Order to Show Cause; Granting IFP; Denying Appt. Of Counsel
P:\PRO-SE\SJ.JF\HC.10\Terwilligar01140_osc&ifp.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

TERRANCE TERWILLIGAR,

        Petitioner,

v.

R. BARNES, Warden,

        Respondent.

Case Number: CV10-01140 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  6/9/10 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Terrance Terwilligar H-46832
P.O. Box 2210
Susanville, CA 96127

Dated:  6/9/10

                                  Richard W. Wieking, Clerk