**E-FILED on 09/20/2011**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERRANCE TERWILLIGAR, | No. C 10-01140 JF (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| ATTORNEY GENERAL OF CALIFORNIA, and R. BARNES, Warden, | |
| Respondents. | |
| _____/ | |

### INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition will be DENIED.

### BACKGROUND

In 2006, a Sonoma Superior Court jury found Petitioner guilty of assault by means of force likely to produce great bodily injury, and felony and misdemeanor battery. Petitioner was sentenced to a total term of fifty-three years to life in state prison. Petitioner filed the instant federal habeas corpus action after being denied relief on direct and collateral state court review.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   As grounds for federal habeas relief, Petitioner alleges that (1) the trial court's jury

2   instructions concerning voluntary intoxication were erroneous and misleading, violating his

3   right to due process; and (2) his defense counsel rendered ineffective assistance by failing to

4   object to the erroneous instructions.

5                                    **STANDARD OF REVIEW**

6       This court may entertain a petition for writ of habeas corpus "in behalf of a person in

7   custody pursuant to the judgment of a State court only on the ground that he is in custody in

8   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

9   The petition may not be granted with respect to any claim that was adjudicated on the merits

10  in state court unless the state court's adjudication of the claim: "(1) resulted in a decision

11  that was contrary to, or involved an unreasonable application of, clearly established Federal

12  law, as determined by the Supreme Court of the United States; or (2) resulted in a decision

13  that was based on an unreasonable determination of the facts in light of the evidence

14  presented in the State court proceeding." 28 U.S.C. § 2254(d).

15      "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state

16  court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of

17  law or if the state court decides a case differently than [the] Court has on a set of materially

18  indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

19      "Under the 'unreasonable application' clause, a federal habeas court may grant the

20  writ if the state court identifies the correct governing legal principle from [the] Court's

21  decision but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at

22  413. "[A] federal habeas court may not issue the writ simply because that court concludes in

23  its independent judgment that the relevant state-court decision applied clearly established

24  federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

25  *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask

26  whether the state court's application of clearly established federal law was "objectively

27  unreasonable." *Id*. at 409.

28

Order Denying Petition
ftp://156.128.38.212/DATA/Users/PRO-SE/SJ.JF/HC.10/Terwilligar140.hcmd.wpd                    2

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DISCUSSION

### I.     Jury Instructions on Voluntary Intoxication

Petitioner claims that the trial court violated his right to due process by preventing the jury from considering his intoxication in its determination of whether he had the specific intent to aid and abet in connection with the charged offenses.  Petitioner conceded on appeal, however, that he did not request a voluntary intoxication instruction at trial or object to the instructions given.  (Ans., Ex. I at 9.)  Accordingly, the claim is procedurally defaulted.  *See Coleman v. Thompson*, 501 U.S. 772, 749–50 (1991), and *Paulino v. Castro*, 371 F.3d 1083, 1092–93 (9th Cir. 2004).  Nor has Petitioner shown that he had a clearly established federal constitutional right to have the trial court give such an instruction *sua sponte*.

### II.     Ineffective Assistance of Counsel

Petitioner claims that his trial counsel rendered ineffective assistance by failing to ask for a voluntary intoxication instruction.  Petitioner's defense at trial was that he was present at the scene but was "neither a direct participant nor an aider and abettor in the assault." (Ans., Ex. I at 11.)  The state appellate court rejected Petitioner's ineffective assistance claim.  It reasoned that (1) defense counsel's decision not to proceed with an intoxication defense was reasonable because there was insufficient evidence to support such a defense, (2) counsel's decision not to seek a voluntary intoxication instruction was consistent with the theory of Petitioner's defense, and (3) requesting such an instruction would have diluted that theory.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) counsel's performance was deficient, and, (2) that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*,  466 U.S. 668, 694 (1984).  A petitioner must show that defense counsel's performance fell below an "objective standard of reasonableness" under prevailing professional norms, *id.* at 687–68, "not whether it deviated from best practices or most

United States District Court
For the Northern District of California

1   common custom," *Harrington v. Richter*, 131 U.S. at 770, 788 (2011) (citing *Strickland*, 466

2   U.S. at 650). "A court considering a claim of ineffective assistance must apply a "strong

3   presumption" that counsel's representation was within the "wide range" of reasonable

4   professional assistance." *Richter*, 131 U.S. at 787 (quoting *Strickland*, 466 U.S. at 689). In

5   applying this strong presumption, a reviewing federal habeas court must accord tactical

6   decisions by trial counsel considerable deference. "[C]ourts may not indulge '*post hoc*

7   rationalizations' for counsel's decision-making that contradicts the available evidence of

8   counsel's actions . . . neither may they insist counsel confirm every aspect of the strategic

9   basis for his or her actions. Tactical decisions of trial counsel deserve deference when:

10  (1) counsel in fact bases trial conduct on strategic considerations; (2) counsel makes an

11  informed decision based upon investigation; and (3) the decision appears reasonable under

12  the circumstances. *See Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

13      With respect to the first prong of *Strickland*, Petitioner has not shown that defense

14  counsel's decisions constituted deficient performance. As the state appellate court

15  concluded, there was little evidence to support a defense of voluntary intoxication:

16      That [Petitioner] was a resident of a residential drug and alcohol treatment
        center sheds no light on whether he was intoxicated at the time of the assault.
17      While there is evidence that [Petitioner] had a couple of beers earlier in the
        evening, there is no evidence that he drank anything thereafter. In addition,
18      Young's comments about the fight being "between drunks" and that after the
        attack "half the guys [in the van] were drunk" provide no evidence of
19      [Petitioner]'s intoxication at the time of the assault. Similarly, Levens's
        statement that [Petitioner] was "acting crazy" does not establish that
20      [Petitioner] was intoxicated or whether it affected his ability to form the
        specific intent to aid and abet the attack. Even assuming that Nunley's
21      comment about the shirtless man sounding very inebriated just prior to the
        attack was a description of [Petitioner], there is no evidence to establish that his
22      voluntary intoxication precluded him from forming the specific intent to aid
        and abet the assault. There is no evidence that he was impaired with respect to
23      his language, gait, demeanor or ability to comprehend his actions or the speech
        or actions of others. In fact, after he was taken into custody, [Petitioner]
24      described the incident as "mutual combat."

25

26  (Ans., Ex. I at 10.) On this record, counsel's tactical decision not to present an intoxication

27  defense or seek a voluntary intoxication instruction was reasonable. Petitioner also has not

28

Order Denying Petition
ftp://156.128.38.212/DATA/Users/PRO-SE/SJ.JF/HC.10/Terwilligar140.hcmd.wpd                4

United States District Court

For the Northern District of California

1    alleged, much less shown, that counsel's reliance on a different defense theory was so

2    unreasonable as to be deficient under *Strickland*.

3         For similar reasons, Petitioner has not shown that he suffered prejudice. Specifically,

4    he has not shown that but for counsel's performance, there is a reasonable probability that the

5    outcome of the proceeding would be different. While the evidence that Petitioner drank two

6    beers provides some evidence of intoxication, Petitioner has not shown that such evidence

7    was strong enough to support a successful defense. The evidence against Petitioner was

8    strong. Two of the victims (Levens and Thill), as well as another witness, Reese Ramirez,

9    who observed the incident from next door, all testified to the facts of the altercation, and all

10   identified Petitioner as a participant in the crimes.

**CONCLUSION**

11

12        Because Petitioner has failed to show that there was "no reasonable basis for the state

13   court to deny relief," *Richter*, 131 S. Ct. at 784, the petition will be DENIED.

14        A certificate of appealability will not issue. Reasonable jurists would not "find the

15   district court's assessment of the constitutional claims debatable or wrong." *Slack v.*

16   *McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from

17   the Court of Appeals.

18        The Clerk shall enter judgment in favor of Respondents and close the file.

19        **IT IS SO ORDERED.**

20   DATED: September __, 2011                        _____

21                                                   JEREMY FOGEL
                                                     United States District Judge

22

23

24

25

26

27

28

Order Denying Petition
ftp://156.128.38.212/DATA/Users/PRO-SE/SJ.JF/HC.10/Terwilligar140.hc5md.wpd

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


TERRANCE TERWILLIGAR,

               Plaintiff,

  v.

ON HABEAS CORPUS et al,

               Defendant.

_____/

Case Number: CV10-01140 JF

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 20, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Terrance Terwilligar H-46832
P.O. Box 2210
Susanville, CA 96127

Dated: September 20, 2011

                                     Richard W. Wieking, Clerk
                                     By: Jackie Lynn Garcia, Deputy Clerk